No. 23-1793

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| JAVIER HERRERA, | ) Appeal from the United States |
| | ) District Court for the Northern |
| Plaintiff-Appellant, | ) District of Illinois, Eastern Division |
| | ) |
| v. | ) |
| | ) |
| KWAME RAOUL, in his official capacity as Attorney General for the State of Illinois; BRENDAN F. KELLY, in his official capacity as Director of the Illinois State Police; COOK COUNTY, ILLINOIS, a body politic and corporate; TONI PRECKWINKLE, in her official capacity as County Board of Commissioners President; CITY OF CHICAGO, a body politic and corporate; KIMBERLY M. FOXX, in her official capacity as Cook County State's Attorney; THOMAS J. DART, in his official capacity as Sheriff of Cook County; and DAVID O'NEAL BROWN, in his official capacity as Superintendent of Police for the Chicago Police Department, | ) ) ) ) ) ) ) ) ) ) No. 1:23-cv-00532 ) ) ) ) ) ) ) ) ) ) ) ) The Honorable ) LINDSAY C. JENKINS, |
| Defendants-Appellees. | ) Judge Presiding. |

**RESPONSE TO MOTION TO CONSOLIDATE APPEALS
AND EXPEDITE BRIEFING**

State Defendants-Appellees Kwame Raoul and Brendan F. Kelly state as follows in response to Plaintiff-Appellant Javier Herrera's Motion to Consolidate Appeals and Expedite Briefing:

1

1.     On January 10, 2023, the State of Illinois passed the Protect Illinois Communities Act ("Act"), which restricts the sale, purchase, manufacture, delivery, or importation of "assault weapons" and "large capacity ammunition feeding devices" ("LCMs"), subject to certain exceptions. 720 ILCS 5/24-1.9, 1.10. Individuals who lawfully possessed assault weapons and LCMs prior to the Act can continue to do so. *Id.* 5/1.9(c)-(d) & 1.10(c)-(d). To continue lawfully possessing an assault weapon, an individual must submit to the State Police an endorsement affidavit by January 1, 2024. *Id.* 5/24-1.9(d). This requirement does not extend to LCMs. *Id.* 5/24-1.10(d).

2.     On January 27, plaintiff brought suit against State Defendants, Cook County, County Board of Commissioners President Toni Preckwinkle, Cook County State's Attorney Kimberly M. Foxx, Cook County Sheriff Thomas J. Dart, the City of Chicago, and Superintendent of Police for the Chicago Police Department David O'Neal Brown. *Herrera* Doc. 1.[1] With respect to State Defendants, plaintiff alleged that the Act's provisions regulating assault weapons and LCMs, as well as the requirement of an endorsement affidavit, violated the Second Amendment. *Id.* at 22-26. Plaintiff further alleged that regulations on assault weapons and LCMs enacted by Cook County in 2006 and the City of Chicago in 2013 similarly violated the Second Amendment. *Id.* at 30.

---

[1] This response cites the district court's docket as "*Herrera* Doc. __," this court's docket in this appeal as "*Herrera* 7th Cir. Doc. __," and this court's docket in the *Bevis v. City of Naperville* appeal (No. 23-1352) as "*Bevis* 7th Cir. Doc. __."

2

3. That same day, plaintiff moved for a temporary restraining order and preliminary injunction, *Herrera* Doc. 4, which the district court denied on April 25, *Herrera* Doc. 75. The court first concluded that plaintiff was not likely to succeed on the merits of his claims challenging the assault weapon and LCM regulations or the requirement of an endorsement affidavit. *Id.* at 8, 19. The court also determined that plaintiff failed to show irreparable harm and that the balance of equities weighed in favor of defendants and the public interest. *Id.* at 25-31.

4. On April 26, plaintiff appealed, *Herrera* Doc. 77, and filed a motion to consolidate this appeal with *Bevis v. Naperville*, No. 23-1353, pending before this court, and expedite the briefing schedule, if necessary, so that the two appeals can be argued and decided together, *Herrera* 7th Cir. Doc. 5. According to the motion, such relief is appropriate because "[t]his appeal and *Bevis* challenge the constitutionality of the same state law." *Id.* at 1.

5. Plaintiff's requested relief, however, is impracticable given the respective postures of *Herrera* and *Bevis*. Indeed, while briefing in this appeal has not yet begun, the parties in *Bevis* have already filed their opening and response briefs, and the State is prepared to present oral argument at the court's earliest convenience. Aligning these cases for argument and resolution, as plaintiff requests, would thus require defendants to file their response brief in this appeal less than 30 days after submission of plaintiff's opening brief as provided by the Federal Rules of Appellate Procedure and would have the effect of delaying this

3

court in scheduling oral argument in *Bevis*. Accordingly, State Defendants object to plaintiff's motion.

6. To start, State Defendants anticipate requiring 30 days following the filing of the opening brief in this appeal to prepare a thorough response brief. Although plaintiff's claims challenging the Act's assault weapon and LCM restrictions are similar to the challenge raised by the plaintiffs in *Bevis*, this appeal presents legal theories (and involves evidence) not set forth in *Bevis*. For instance, plaintiff here challenges the validity of the Act's requirement that individuals who wish to continue lawfully possessing assault weapons they obtained prior to the Act's enactment submit to the State Police an endorsement affidavit by January 1, 2024, which is a distinct claim not at issue in *Bevis*. *Compare Herrera* Doc. 1 at 25-26 (Count III), *with Bevis* 7th Cir. Doc. 27 at 2 (Opening Brief). Indeed, the district court conducted a separate analysis of the plaintiff's likelihood of success on the endorsement affidavit claim that spanned eight pages and canvassed a substantial amount of historical and other evidence relevant only to that claim. *Herrera*, Doc. 75 at 17-24. Similarly, plaintiff—a volunteer medic on an area SWAT team who has been subject to assault weapon and LCM restrictions for years as a resident of Cook County and Chicago, *Herrera* 7th Cir. Doc. 5 at 2 —is differently situated than the plaintiffs in *Bevis*—a gun store in Naperville, the store's owner, and an advocacy group, *Bevis* 7th Cir. Doc. 27 at 3. State Defendants anticipate that plaintiff will argue, as he did in the district court, *e.g.*, *Herrera*, Doc. 75 at 27-28, that these

4

differences are relevant to the preliminary injunction analysis, including irreparable harm.

7. State Defendants also object to the motion because plaintiff's requested relief would have the effect of delaying scheduling oral argument in *Bevis*. The State of Illinois—participating as an Intervenor-Appellee in *Bevis*—filed its response brief in this court in *Bevis* on May 3, 2023, *Bevis* 7th Cir. Doc. 56, and, consistent with the court's usual practice, expects that the court will now schedule an argument date. In addition to pursuing their appeal in this court, the *Bevis* plaintiffs have filed an emergency application for injunction pending appeal in the Supreme Court, in which they argue that they are suffering irreparable harm. *See National Ass'n of Gun Rights v. City of Naperville*, No. 22A948. Although the State disagrees with that characterization and has filed a response to that effect, it also has committed to avoiding any delay in that appeal. The State thus filed its response brief in this court without an extension of time on May 3, and is available to present oral argument at the court's earliest convenience.

8. In light of the foregoing, State Defendants object to the motion to consolidate and expedite, given that any order to consolidate would require State Defendants to file their response brief less than 30 days after submission of the opening brief, and would have the effect of delaying this court in scheduling oral argument in *Bevis v. Naperville*, No. 23-1353.

Dated: May 8, 2023

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

By: /s/ Sarah A. Hunger
SARAH A. HUNGER
Deputy Solicitor General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
(312) 814-5202 (office)
(312) 771-3885 (cell)
Sarah.Hunger@ilag.gov

Case: 23-1793   Document: 16   Filed: 05/08/2023   Pages: 7

## CERTIFICATE OF FILING AND SERVICE

I certify that on May 8, 2023, I electronically filed this Response To Motion To Consolidate Appeals And Expedite Briefing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system. All other participants in this case are CM/ECF users and will be served by that system.

/s/ Sarah A. Hunger  
SARAH A. HUNGER
