**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

---

JAVIER HERRERA,

      *Plaintiff-Appellant*,

  v.

KWAME RAOUL, in his official capacity
as Attorney General of the State of Illi-
nois; BRENDAN F. KELLY, in his offi-
cial capacity as Director of the Illinois
State Police; COOK COUNTY, a body
politic and corporate; TONI PRECK-
WINKLE, in her official capacity County
Board of Commissioners President; KIM-
BERLY M. FOXX, in her official capacity
as Cook County State's Attorney;
THOMAS J. DART, in his official capac-
ity as Sheriff of Cook County; CITY OF
CHICAGO, a body politic and corporate;
ERIC CARTER, in his official capacity as
Superintendent of Police for the Chicago
Police Department,

      *Defendants-Appellees.*

Case No. 23-1793

---

### *HERRERA* PLAINTIFF-APPELLANT'S RESPONSE REGARDING CONSOLIDATION AND REPLY IN SUPPORT OF CONSOLIDATION

The Court has asked the parties to state their position on whether this appeal

and the consolidated appeals in *Barnett v. Raoul*, No. 23-1825, all with overlapping

Second Amendment claims, should be consolidated. Prior to the Court's order, Appel-

lant Javier Herrera asked that his appeal be aligned with *Bevis v. City of Naperville*,

No. 23-1353, so that the appeals could be argued and decided together. *See* Doc. 5.

The State Appellees oppose joining this appeal with *Bevis* based on its assumption

that it would delay argument in *Bevis*, Doc. 16, and have not shared their position regarding *Barnett*. The County and City Appellees do not oppose consolidation "in principle" but do oppose expedited briefing. Doc. 17 ¶3. For the following reasons, all related appeals should be aligned for argument and decided together, and briefing schedules could be adjusted, if necessary, so as not to delay argument in any of the appeals.

## BACKGROUND

1.    Dr. Javier Herrera's lawsuit challenges Illinois, Cook County, and Chicago laws that prohibit the purchase and in-home possession of semiautomatic AR-15 rifles, Chi. Muni. Ord. 8-20-075(a); Cook Cty. Ord. No. 54-212(a); 720 ILCS 5/24-1.9(c), and the magazines that come standard with AR-15 rifles, Glock handguns, and other common firearms, Chi. Muni. Ord. 8-20-085(a); Cook Cty. Ord. No. 54-212(a); 720 ILCS 5/24-1.10(c). The lawsuit also challenges the State's new registration requirements imposed on already-owned firearms. For Illinois residents to keep rifles that they already own, they must report serial numbers and other personal information to the state police. 720 ILCS 5/24-1.9(d). Even then, state law does not indicate whether such rifles can be lawfully used (versus merely possessed) at home or on private property for self-defense. *Id.* (distinguishing between "possess" and "used").

2.    On January 27, 2023, Dr. Herrera filed his suit and moved for a temporary restraining order and preliminary injunction. The motion asked to preliminarily

enjoin enforcement of the state and local laws, including the State's registration requirement. Without a preliminary injunction, he is forbidden from keeping his AR-15 rifle and standard magazines for his Glock handgun at home. He must travel hours to retrieve and return his firearms, secured beyond county lines, for training, hunting, or sport shooting. That harm is not merely hypothetical for Dr. Herrera. Since 2018, Dr. Herrera has served as a medic on a Chicago-area SWAT team. The team trains every month, but Dr. Herrera cannot participate in the firearms training because it is a practical impossibility to drive hours before and after training to return and retrieve his AR-15 rifle to participate in such training. Additionally, state and local laws also forbid Dr. Herrera from purchasing new rifles and magazines. And Dr. Herrera will soon have to remove his lawfully owned rifles from the State altogether unless he complies with the new registration requirement.

3.     Dr. Herrera also moved, pursuant to Northern District of Illinois Local Rule 40.4, to have his case reassigned to the District Court in *Bevis v. City of Naperville*, No. 22-cv-4775 (N.D. Ill.), given the overlapping constitutional issues. *See Ewing v. Carrier*, 35 F.4th 592, 594 (7th Cir. 2022) (explaining "[t]he judiciary has an interest, independent of litigants' goals, in avoiding messy, duplicative litigation"). There was no ruling on the Rule 40.4 reassignment motion. The case was reassigned to a newly commissioned judge.

4.     On April 25, 2023, the Court denied Dr. Herrera's motion for preliminary injunction. The district court expressly adopted portions of the *Bevis* district

court's analysis. Dr. Herrera appealed and, on the same day, requested that his appeal be aligned with *Bevis*, now on appeal before this Court. *See* Doc. 5. This Court has not set an argument date for *Bevis*, and the *Bevis* reply brief is due until May 24, 2023.

5.      The State filed a response opposing consolidation with *Bevis*. *See* Doc. 16. The State noted that it filed its response brief in *Bevis* on May 3, 2023, without an extension of time. *Id.* ¶7. The State assumed that "any order to consolidate would require State Defendants to file their [*Herrera*] response brief less than 30 days after submission of the opening brief, and would have the effect of delaying this court in scheduling oral argument in *Bevis*[.]" *Id.* ¶8.

6.      The County and City also filed a response stating that "the City and County do not, in principle, oppose consolidation of [*Herrera*] with *Bevis*," but "they do oppose expedited briefing for [*Herrera*]." Doc. 17 ¶3. The County and City stated they did not oppose the briefing schedule set in *Barnett*. *Id.* ¶4.

7.      Shortly after Dr. Herrera appealed, the district court in *Barnett v. Raoul*, 3:23-cv-209 (S.D. Ill.) (lead case for four consolidated cases), preliminarily enjoined the Illinois law. The court concluded that the law likely violates the Second Amendment because it bans rifles that are "in common use"—an argument also at the heart of Dr. Herrera's preliminary injunction motion. *See Barnett v. Raoul*, No. 3:23-cv-209, 2023 WL 3160285, at *10-11 (S.D. Ill. Apr. 28, 2023). The State appealed and filed an emergency motion to stay the preliminary injunction. *See* No. 23-1825.

This Court granted a stay pending further order from the Court and consolidated the *Barnett* appeals.

8.      On May 5, 2023, this Court ordered appellants and appellees to file a statement advising whether *Herrera* should be consolidated with the *Barnett* appeals.

## ARGUMENT

9.      The *Herrera* and *Barnett* appeals should be joined for argument and decided together, and the briefing schedules for each appeal could be aligned, if necessary. For the reasons stated in Dr. Herrera's earlier motion, the *Herrera* and *Barnett* appeals should also be heard alongside *Bevis*, if such a schedule is feasible. Noted above, the *Bevis* reply brief is due later this month, and the case has not been set for argument.

10.     The *Bevis*, *Herrera*, and *Barnett* appeals present the same legal question about the Second Amendment's scope: can a government ban acquiring and keeping modern semiautomatic rifles even though it could not do the same for modern semiautomatic handguns? To answer that question, consistent with *New York State Rifle & Pistol Association v. Bruen*, this Court would need to assess whether the "historical tradition of firearm regulation" justifies the governments' rifle bans. 142 S. Ct. 2111, 2126 (2022).

11.     That said, the appeals have some differences, and they come to the Court with their own records and distinct procedural postures. Dr. Herrera is the Plaintiff-Appellant and submitted hundreds of pages of historical statutes and expert declarations in response to the Defendant-Appellees' 28 expert and fact declarations. His

appeal also presents unique questions about the constitutionality of the State's new registration requirement and unique allegations of irreparable harm, and it involves not just State officials but also Cook County and the City of Chicago. In *Barnett*, on the other hand, the plaintiffs are appellees, the parties in those consolidated cases developed their own record, and they do not challenge the registration requirement. These differences make joint briefs infeasible, and Dr. Herrera's opening appellant's brief is nearly finalized and ready to be filed early.

12.    But for the same reasons explained in Dr. Herrera's previously filed motion, Doc. 5, the constitutional analysis in *Bevis*, *Herrera*, and *Barnett* will still overlap substantially. So even though there are some differences between the appeals, hearing and deciding the appeals together will serve the interests of judicial economy and efficiency. All three appeals challenge the same state law, and the *Bevis* and *Herrera* suits challenge local laws that are materially similar for purposes of the constitutional analysis. *See* Doc. 5.

13.    To accommodate the procedural differences between the appeals, while maximizing judicial economy and efficiency, Dr. Herrera requests that the Court allow the *Herrera* Plaintiff-Appellant and *Barnett* Plaintiffs-Appellees to each file their own briefs but align the briefing schedules to allow the appeals to be argued and considered together, along with *Bevis* if such a schedule is feasible. *See Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 & n.1 (7th Cir. 2016) (consolidated appeals "similar in all material respects"); *Ewing*, 35 F.4th at 594 (describing interest "in avoiding messy, duplicative litigation").

14.     With respect to briefing, Dr. Herrera does not oppose a more expedited briefing schedule to accommodate hearing and deciding the appeals together. Dr. Herrera agrees with the State—*no* appeal should be delayed. Accordingly, Dr. Herrera is preparing to file his opening brief as early as May 12, unless circumstances materially change or unless ordered to do otherwise. In response to Appellees' arguments opposing a more expedited briefing schedule, Dr. Herrera notes that the parties already prepared substantial briefs in the district court, the State has already filed its response brief in *Bevis*, the City and County have filed amicus briefs in *Bevis*, and the State has filed its brief in support of its motion to stay the preliminary injunction in *Barnett*. If Dr. Herrera and the related plaintiffs are right on the merits, then the laws were "unconstitutional when enacted and violate[ his] Second Amendment rights every day [they] remain[] on the books." *Ezell v. City of Chicago*, 651 F.3d 684, 698 (7th Cir. 2011). There is every reason for all related appeals to be decided expeditiously.

## CONCLUSION

Deciding the related appeals together will further the interests of judicial economy and efficiency. This Court should align the briefing schedules in the related cases, and expedite as necessary, so that the related appeals can be heard and decided together.

Dated: May 10, 2023

Gene P. Hamilton
Reed D. Rubinstein
Michael Ding
AMERICA FIRST LEGAL FOUNDATION
300 Independence Avenue SE
Washington, DC 20003
Tel: (202) 964-3721
gene.hamilton@aflegal.org
reed.rubinstein@aflegal.org
michael.ding@aflegal.org

Gregory Abbott Bedell
KNABE & BEDELL
33 North Dearborn Street, 10th Floor
Chicago, IL 60602
(312) 977-9119
gbedell@kkbchicago.com

Respectfully submitted,

 /s/ Taylor A.R. Meehan
Thomas R. McCarthy
Jeffrey M. Harris
Taylor A.R. Meehan
Matt Pociask
C'Zar D. Bernstein
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
jeff@consovoymccarthy.com
taylor@consovoymccarthy.com
matt@consovoymccarthy.com
czar@consovoymccarthy.com

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This filing complies with Rule 27(d) because it contains 1,564 words, excluding the parts that can be excluded. This motion also complies with Rule 32(a)(5)-(6) and Cir. R. 32 because it has been prepared in 12-point Century Schoolbook font. This filing has been scanned for viruses and is virus-free.

Dated: May 10, 2023

*/s/ Taylor A.R. Meehan*
Taylor A.R. Meehan

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 10, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to counsel of record.

Dated: May 10, 2023
                                        */s/ Taylor A.R. Meehan*
                                        Taylor A.R. Meehan